UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BALCHEM CORPORATION AND ALBION LABORATORIES, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br><br>*Defendants*. | Court No. 26-03858 |

**COMPLAINT**

Plaintiffs, Balchem Corporation and Albion Laboratories, Inc., by and through their attorneys, allege and state as follows:

1. Plaintiffs, Balchem Corporation and Albion Laboratories, Inc., are U.S.-based importers of record that paid tariffs imposed on their merchandise imported into the United States pursuant to the International Emergency Economic Powers Act of 1977, 50 U.S.C. § 1701 *et seq.* ("IEEPA").

2. Beginning in February 2025, President Donald J. Trump issued a series of executive orders invoking IEEPA as authority to impose tariffs (the "IEEPA tariffs") on imported goods from nearly every foreign country, including countries from which Plaintiffs source their imports.

3. This Court, the Federal Circuit, and the Supreme Court have held that the IEEPA tariffs are unlawful. *See V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025), *aff'd in part and rev'd in part*, 149 F.4th 1312 (Fed. Cir. 2025), *aff'd sub nom. Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026).

4. Following the Supreme Court's decision, President Trump terminated the IEEPA tariff regime by executive order. Exec. Order No. 14389, 91 Fed. Reg. 9437 (Feb. 20, 2026).

5. On February 22, 2026, U.S. Customs and Border Protection confirmed that IEEPA duties would no longer be collected for goods entered on or after February 24, 2026. U.S. Customs & Border Prot., CSMS Message No. 67834313 (Feb. 22, 2026).

6. Notwithstanding the Supreme Court's determination that the President lacked authority under IEEPA to impose tariffs and the Executive Branch's subsequent cessation of prospective tariff collection, judicial relief remains necessary to ensure that Plaintiffs receive a complete refund of the IEEPA tariffs unlawfully collected from Plaintiffs.

7. Plaintiffs therefore bring this action seeking a refund of all IEEPA tariffs that they paid, with interest, as provided by law, and such further relief as the Court deems appropriate.

**PARTIES**

8. Plaintiffs Balchem Corporation and Albion Laboratories, Inc. are importers of record for various goods on which IEEPA tariffs were paid. Plaintiff Balchem Corporation is a U.S. corporation that develops, manufactures, and markets specialty ingredients across three business segments: Human Nutrition & Health, Animal Nutrition & Health, and Specialty Products. Its principal place of business is located at 5 Paragon Drive, Montvale, New Jersey 07645. Plaintiff Albion Laboratories, Inc. is a wholly-owned subsidiary of Balchem Corporation with a place of business located at 67 South Main Street, Layton, Utah 84041.

9. Defendant United States received the IEEPA tariffs paid by Plaintiffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

10. Defendant U.S. Customs and Border Protection ("Customs") is a federal agency that collected the IEEPA tariffs paid by Plaintiffs.

11. Defendant Rodney S. Scott is the Commissioner of Customs and is sued in his official capacity.

12. Defendants are referred to collectively in this Complaint as "Defendants."

**JURISDICTION**

13. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i), as it is a civil action arising out of any law of the United States providing for tariffs, duties, fees, or other taxes on the importation of merchandise.

14. The Supreme Court also held that challenges to IEEPA tariffs fall "within the exclusive jurisdiction of the CIT." *Learning Resources, Inc.*, 607 U.S. at 240 n. 1.

15. Furthermore, this Court possesses all the powers in law and equity of, or as conferred by statute upon, a United States District Court. 28 U.S.C. § 1585.

16. In a civil action under 28 U.S.C. § 1581, the Court may enter a money judgment against the United States and order other appropriate relief, including declaratory judgments, reliquidation of entries, and injunctions. 28 U.S.C. § 2643(a)(1), (c)(1).

**STANDING**

17. Plaintiffs have standing to seek the requested relief, pursuant to 28 U.S.C. § 2631(i), because they are the importers of record that paid IEEPA tariffs to Customs on their entries of imported merchandise, thereby suffering economic injury that would be redressed by an order requiring the refund of those tariffs.

**TIMELINESS**

18. Actions brought in this Court under 28 U.S.C. § 1581(i) must be commenced "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

19. This action was timely commenced within two years of both the issuance of the executive orders imposing the IEEPA tariffs and Plaintiffs' payment of those tariffs.

## BACKGROUND

20. Beginning in February 2025, the President issued a series of executive orders invoking IEEPA as authority to impose additional tariffs on merchandise imported into the United States.

21. On February 1, 2025, the President first invoked IEEPA to impose tariffs on imported merchandise from Canada, Mexico, and the People's Republic of China, or modified those tariffs. Exec. Order No. 14193, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 1, 2025); Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 1, 2025); Exec. Order No. 14195, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 1, 2025); *see*, *e.g.*, Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,277 (Feb. 5, 2025); Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 3, 2025).

22. On April 2, 2025, the President invoked IEEPA through a second series of executive orders which imposed IEEPA tariffs on most imported merchandise, or modified those tariffs, to address trade deficits with the United States' trading partners, among other issues. Executive Order 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 2, 2025); *see*, *e.g.*, Exec. Order No. 14259*, Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 8, 2025); Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (Apr. 9, 2025).

23. On July 30, 2025, the President again invoked IEEPA in a third series of executive orders which imposed tariffs under IEEPA on imported merchandise of Brazil and India or modified those tariffs. *See*, *e.g.*, Exec. Order No. 14323, *Addressing Threats to the United States by the Government of Brazil*, 90 Fed. Reg. 37,739 (July 30, 2025); Exec. Order No. 14329, *Addressing Threats to the United States by the Government of the Russian Federation*, 90 Fed. Reg. 38,701 (Aug. 6, 2025); Exec. Order NO. 14361, *Modifying the Scope of Tariffs on the Government of Brazil*, 90 Fed. Reg. 54,467 (Nov. 20, 2025).

24. To implement these tariffs, the executive orders modified, or directed federal agencies to modify, the Harmonized Tariff Schedule of the United States ("HTSUS") by establishing additional Chapter 99 tariff provisions applicable to covered merchandise.

25. Plaintiffs entered merchandise subject to the IEEPA tariffs under the applicable Chapter 99 provisions of the HTSUS.

26. Importers of record, including Plaintiffs, were required to deposit estimated IEEPA tariffs, like all other duties, at the time of entry. 19 U.S.C. § 1505(a).

27. Plaintiffs have paid all estimated duties, taxes, and fees, including IEEPA tariffs, owed on their entries of imported merchandise.

28. Plaintiffs' entries on which they paid IEEPA tariffs have liquidated, including entries for which liquidation has become final.

## COUNT I
## Refund of IEEPA Tariffs Paid

29. Plaintiffs incorporate paragraphs 1 through 28 by reference.

30. This Court has "the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties." *AGS Co. Automotive Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d 1298, 1302 (Ct. Int'l Trade 2025) (quotation omitted).

31. Due process requires Defendants to refund the IEEPA tariffs that Defendants unlawfully collected from Plaintiffs. *See McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 36–39 (1990).

32. Throughout the litigation challenging the IEEPA tariffs, Defendants repeatedly represented to reviewing courts that importers would be entitled to refunds and reliquidation if the tariffs were ultimately held unlawful.

33. Defendants represented that they would "issue refunds" if the challenged tariffs were held unlawful. *V.O.S. Selections, Inc. v. Trump*, Ct. No. 25-1812, ECF No. 6 at 25 (Fed. Cir. May 29, 2025).

34. Defendants also represented that they "would not oppose the Court's authority to order reliquidation of entries of merchandise subject to the" IEEPA tariffs. *Princess Awesome, LLC v. U.S. Customs & Border Prot.*, Ct. No. 25-00078, ECF No. 17, Joint Stipulation ¶ 2 (Ct. Int'l Trade 2025).

35. Defendants have also represented that plaintiffs are "guaranteed payment . . . should the Court's decision be upheld." *Learning Res., Inc. v. Trump*, No. 25-cv-01248-RC, ECF No. 41 at 13 (D.D.C. June 2, 2025); *see id.*, ECF No. 42 (June 3, 2025) (granting stay pending appeal).

36. Because of these representations in court filings, Defendants are judicially estopped from now contesting this Court's authority to order refunds and reliquidation of entries subject to the unlawful IEEPA tariffs. *AGS Co. Automotive Sols.*, 813 F. Supp. 3d at 1300–02; *Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1348 (Fed. Cir. 2019).

37. Plaintiffs are therefore entitled to a refund of all unlawfully collected IEEPA tariffs paid to Customs, together with interest as provided by law.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court:

(a) Order Defendants to reliquidate all of Plaintiffs' entries of imported merchandise that have been liquidated with IEEPA tariffs without assessment of IEEPA tariffs;

(b) Order Defendants to refund to Plaintiffs all IEEPA tariffs paid on those entries, together with interest, as provided by law;

(c) Award Plaintiffs their reasonable costs and attorneys' fees; and

(d) Grant Plaintiffs such further relief as this Court deems just and proper.

Dated: September 3, 2026

Respectfully submitted

*/s/ Sophia J.C. Lin*
Sophia J.C. Lin
Caitlyn M. Quinn
*Attorneys for Plaintiffs*

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Ave NW
Suite 700
Washington DC 20036
(202) 331-4040
slin@pkrllp.com

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| BALCHEM CORPORATION AND ALBION LABORATORIES, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br><br>*Defendants*. | Court No. 26-03858 |

**CERTIFICATE OF SERVICE**

Pursuant to Rule 4(b) and (h) of the United States Court of International Trade, I hereby certify that on September 3, 2026, I caused copies of Plaintiffs' summons and complaint to be served by certified mail, return receipt requested, on:

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza, Room 346
New York, New York 10278

Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, D.C. 20229

Dated: September 3, 2026

Respectfully submitted

*/s/ Sophia J.C. Lin*
Sophia J.C. Lin
**PICARD KENTZ & ROWE LLP**
1155 Connecticut Ave NW
Suite 700
Washington DC 20036
(202) 331-4040
slin@pkrllp.com